IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ABDULLAH AL KARIM
(also known as Jeremy Mims) PLAINTIFF

v. Civil No. 6:26-cv-06093-SOH-MEF

LT. JACKSON;
SGT. WEINSTEIN;
WARDEN WHITE;
CHAPLAIN JEFFERY WITTING;
ASST. DIRECTOR JIM CHEECK;
SERGEANT WADE;
DIRECTOR CHRIS HONEY
(All of Omega Supervision Sanction Center) DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on July 10, 2026. (ECF No. 2). It was transferred to this District on July 14, 2026. (ECF No. 4). The Court entered an Order directing Plaintiff to submit an Amended Complaint. (ECF No. 8). Plaintiff submitted his Amended Complaint in two documents on July 29, 2026, and August 4, 2026. (ECF Nos. 14, 15).

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Plaintiff alleges that his right to practice his religion was violated on June 11, 2026. (ECF No. 14 at 4). Specifically, he alleges that his prayer rug/towel was confiscated when he arrived at the Omega Center. (*Id.*). Plaintiff states that Defendant Jackson told him he could not keep it, and the other Defendants agreed. (*Id.*). Plaintiff states that Defendants Jackson and Weinstein disposed of his prayer rug. (*Id.*). Although less clearly stated, Plaintiff also appears to allege that Defendant Wade refused to honor a script for his religious diet. (*Id.* at 5).

Plaintiff proceeds against all Defendants for this claim in their official capacity only. (ECF No. 5). Plaintiff did not indicate the relief sought in this case, leaving that section of the Complaint form blank. (ECF No. 15 at 4).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff has identified all Defendants as employees of the Arkansas Division of Community Correction Omega Supervision Sanction Center. As such, his official capacity claim is barred by the Eleventh Amendment. The Eleventh Amendment bars any claims for damages by private parties against a state. *See e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995); *see also Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) (Eleventh Amendment establishes that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state"). An official capacity claim against government officials is the equivalent of a claim against the entity itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity ... should be treated as suits against the State"). Thus, Plaintiff's official capacity claims against Arkansas state employees are barred by the Eleventh Amendment.

## IV. CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Amended Complaint (ECF Nos. 14, 15) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of September 2026.

/s/ Mark E. Ford

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE